UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

THOMAS DELEON,

    Plaintiff,

v.                                             Hon. Hala Y. Jarbou

CITY OF GRANDVILLE, MICHIGAN     Case No. 1:22-cv-429
and RICHARD BROWN

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff Thomas DeLeon filed this action on May 12, 2022, against the City of Grandville and one of its police officers, Richard Brown, alleging various claims arising out of Brown's actions during an arrest of Plaintiff. Plaintiff alleges a claim against Brown under 42 U.S.C. § 1983 for violation of Plaintiff's Fourteenth Amendment rights during the arrest and a *Monell* claim against the City. Plaintiff also invokes the Court's supplemental jurisdiction over several state-law claims. (ECF No. 1 at PageID.4–11.) Having granted Plaintiff's motion to proceed as a pauper, I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Based on this review, I conclude that Plaintiff's Section 1983 claims must be dismissed because they fail to state a claim upon which relief may be granted. I further recommend that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims and dismiss them without prejudice.

**I. Background**

    On July 23, 2018, Defendant Brown detained and arrested Plaintiff for possession of marijuana and on an outstanding warrant. During the arrest, Brown conducted a "*Terry*" patdown

of Plaintiff. Plaintiff alleges that, as Brown moved has hand down Plaintiff's body, he stopped at Plaintiff's groin area and firmly grabbed Plaintiff's penis, stating, "'Oh yeah we are getting real nice and personal now . . .'" Brown continued to grasp Plaintiff's penis while squeezing with increasing intensity. (*Id.* at PageID.3.)

Plaintiff contends that Brown's actions violated his Fourteenth Amendment right to be free from sexual harassment, abuse, and assault and that the City is liable for Brown's conduct based on its unconstitutional customs, practices, and/or policies. He further contends that Brown's actions violated Michigan's Elliott-Larsen Civil Rights Act and amounted to a battery and intentional infliction of emotional distress.

## II. Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is

2

inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

### III. Discussion

#### A. Federal Claims

Plaintiff's Section 1983 claims against Brown and the City are barred by the statute of limitations. Although the statute of limitations is an affirmative defense, if the allegations in a complaint show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012); *see also Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (citing *Jones* and holding that if, on the face of a complaint, the allegations show that relief is barred by an affirmative defense (lack of exhaustion), the complaint is subject to dismissal for failure to state a claim).

State statutes of limitations and tolling principles apply to determine the timeliness of claims raised in lawsuits brought pursuant to Section 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). Section 1983 civil rights actions are governed by the state statute of limitations for personal injury actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). For such actions in Michigan, the statute of limitations is three years. Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam). Accrual of the claims for relief is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th

Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis for the action. *Collyer*, 98 F.3d at 220.

As set forth in his complaint, Plaintiff's claims are based upon the July 23, 2018 arrest, but Plaintiff did not file his complaint until May 12, 2022, well after the three-year limitations period expired. Plaintiff knew or had reason to know of the event and associated injuries giving rise to his claims at the time of the arrest. I note that judges in this district and the Eastern District of Michigan have recognized and applied the Michigan Supreme Court's COVID-19-related orders tolling Michigan statutes of limitations for a period of approximately 101 days. *See Bownes v. Borroughs Corp.*, No. 1:20-CV-964, 2021 WL 1921066, at *2 (W.D. Mich. May 13, 2021) (extending limitations for claim under Elliott-Larsen Civil Rights Act for 100 days); *see also Bowles v. Sabree*, No. 20-12838, 2022 WL 141666, at *9 (E.D. Mich. Jan. 14, 2022) (applying COVID-19-related tolling orders to Section 1983 claim). But even giving Plaintiff the benefit of this 100-day period, his complaint was still untimely by several months.

In addition, Michigan law no longer tolls the running of the statute of limitations while a plaintiff is incarcerated. Mich. Comp. Laws § 600.5851(9). Thus, any period of time Plaintiff might have spent in jail or prison due to the arrest does not toll the limitations period. In addition, it is well-established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. General Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *see also Mason v. Department of Justice*, No. 01-5701, 2002 WL 1334756, *2 (6th Cir. June 17, 2002). I note that Plaintiff alleges that the City and/or the 59th District Court interfered with his attempt to file a lawsuit, but he fails to present a legally-valid basis for tolling the limitations period. (ECF No. 1 at PageID.3–4.) The fact that the City's police department did not respond to a FOIA request, or that Plaintiff was unable to obtain the police

report and/or Defendant Brown's body camera footage could not have precluded Plaintiff from filing an action in this Court. Plaintiff had all the information he needed to prepare and timely file a complaint. Therefore, Plaintiff's action is time-barred.[1]

### B.     State-Law Claims

If the Court agrees with the foregoing recommendation, I further recommend that it exercise its discretion to decline supplemental jurisdiction and dismiss the state-law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3). Generally, the Court should decline to hear state-law claims when all federal claims are dismissed before trial. *See Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.") (citing *Carnegie–Mellon v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Here, the litigation was just commenced, and Plaintiff may properly pursue his remaining claims in state court. *See Kelly v. City of New Philadelphia*, No.5:20-cv-211, 2020 WL 2126665, at *3 (N.D. Ohio May 5, 2020) (declining to exercise supplemental jurisdiction where all of the federal claims were dismissed "at this early stage of litigation").

---

[1] Plaintiff's claim against the City pursuant to *Monell v. New York Department of Social Services*, 436 U.S. 658 (1978), is also subject to dismissal on the independent ground that it is based on nothing more than labels and conclusions. *See Bailey v. City of Ann Arbor*, 860 F.3d 382, 388–89 (6th Cir. 2017) (confirming that the Supreme Court's decisions in *Twombly* and *Iqbal* apply to *Monell* claims); *Rayfield v. City of Grand Rapids*, 373 F. Supp. 3d 962, 977 (W.D. Mich. 2018) ("Conclusory assertions [of a policy or custom] are not enough to state a *Twombly* plausible *Monell* claim."). In any event, the claim is clearly time-barred.

## IV. Conclusion

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's Section 1983 claims for failure to state a claim and decline to exercise supplemental jurisdiction over the state-law claims.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date: May 19, 2022

/s/ Sally J. Berens
SALLY J. BERENS
U.S. Magistrate Judge

**NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).