FILED - GR
May 26, 2022 11:50 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JJM  SCANNED BY: KB /5/26

original

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

Thomas De Leon )
P.O. Box 90022 )
Wyoming, MI 49509 )
)
Vs. ) Hon. Hala Y. Jarbou
)
City of Grandville, Michigan; Richard Brown, ) Case No. 1:22-cv-429
Individually and as an agent of City of Grandville, )
Michigan; )
)
Defendants. )

---

## OBJECTION TO US MAGISTRATE'S RECOMMENDATION

The Plaintiff hereby Objects the US Magistrates Recommendation and contends the following:

1. The statute of limitations rule does not start from the date of the incident but rather the date in which the Plaintiff received his FOIA requested materials. For that is when the Plaintiff knew or learned of the true nature of the injuries or crimes that are in question. The above stated would satisfy the Collyer, 98 F.3d at 220 citation with respect to being in favor of the Plaintiff rather than against.

2. After some legal consultation, the Plaintiff was directed to get the FOIA filled out and to get the police report to the attorney conducting the consultation in order to know whether or not there were sufficient grounds for relief, or civil suit. Obviously the footage, audio and police report were crucial in making these decisions. Therefore if a Lawyer cannot know for sure

without the police report, then neither can the Plaintiff who is not a law student and did not go to law school and does not have a law degree.

3.     The Plaintiff went to the Grandville Police Department and requested a FOIA, filled one out and turned it into the Grandville Police Department and requested to press charges on officer Richard Brown within the 1st year after the incident. Therefore, the Plaintiff made a good faith attempt at filing a complaint timely even if accidently or incorrectly or unknowingly.

4.     Internal affairs did not get involved until the Plaintiff went into the police department requesting a FOIA, with a video camera on, and recording at all times, during his latest FOIA request attempt. In which instead of helping the Plaintiff, they instead arrested him on a warrant that was outside pickup range. Which concluded in his being released about an hour later to which he then filed the FOIA request. Internal affairs should've conducted their investigation at the first FOIA request but they didn't, they only did when under video surveillance scrutiny.

5.     The Plaintiff contends he never "had all the information he needed to prepare and timely file a complaint" and furthermore the Plaintiff contends it doesn't take information or knowledge alone to file a complaint. It moreso takes money and paper and ink, even if you get fees waived by affidavit or in forma pauperis. Therefore without money for printing, and a printer, and ink, and paper and money or resources for such equipment, nor are court forms readily or freely available in such cases for such instances. Therefore for any statute of limitations to be upheld against a Plaintiff who can prove indigence from before the time of incident to date is unconstitutional therefore should be found void in this case."**A Law repugnant to the Constitution is void."** With these words written by Chief Justice Marshall, the Supreme Court for the first time declared unconstitutional a law passed by Congress and signed by the President. [See Marbury v. Madison (1803)]

6. Plaintiff contends the only reason why this case was not filed timely "according to the US Magistrates interpretation", was due to the illegal actions of the Grandville Police Department in which they did to thwart the case against its own officer. Note this is not even close to the first case in which michigan police lied and deterred people from filing complaints against their officers.

7. The Plaintiff further contends he wishes to amend his Complaint to add a Charge or Count of Terrorism or Domestic Terrorism against officer Richard Brown. In which the statute of limitations for acts of Terrorism are non-existent. *18 U.S. Code § 2331 (5) states:* the term "Domestic Terrorism" means activities that— **(A)** involve acts dangerous to human life that are a violation of the criminal laws of the United States or of any State; **(B)** appear to be intended— **(i)** to intimidate or coerce a civilian population; **(ii)** to influence the policy of a government by intimidation or coercion; or **(iii)** to affect the conduct of a government by mass destruction, assassination, or kidnapping; and **(C)** occur primarily within the territorial jurisdiction of the United States;

8. The Plaintiff Contends the act of sexually assaulting someone is dangerous to human life. If you decide to sexully assault someone, you are conceding the possibility of the inevitable of being fought or killed, or fighting the attacker to the point of killing them, both people in controversy are humans, and the act itself is against United States laws and Michigan laws.

9. The Plaintiff Contends he was a "Paid" Narcotics Informant of the Grandville Police Department directly up until the sexual assault incident. Officer Rich Brown attempted to gain information about what and where the Plaintiff got the substance the Plaintiff had amongst his possessions. Therefore the Plaintiff further contends the sexual assault against him was an act to intimidate and or coerce him or intimidate him to give up more information about the drugs

along with sending a message to informants. The intimidating and coercive message being informants are not above the law but the police are.

10. If you dismiss this case you will not be upholding the law or protecting it, nor the intent of the legislature. For, crimes are not determined by when they were committed, but rather how they were committed regardless if "relief" is obtainable or not.

11. The Plaintiff contends this case is not based on just conclusions or conjectures, there were eye-witnesses there who saw what happened, like Jose Cantu. Anything Jose Cantu said to internal affairs of grandville is moot in this case because it was not under oath and could not be cross examined. But if put on the stand, in trial, I believe he will tell the whole truth of what he saw which was the Plaintiff being sexually assaulted by officer Richard Brown.

12. Police brutality and Police Sexual assault must be handled in federal court, due to the level of authority abused and the level of confidence the public requires. This is not just a Michigan problem although Michigan police are particularly negligent. According to research from Bowling Green State University, police officers in the US were charged with forcible rape 405 times between 2005 and 2013. That's an average of 45 a year. Forcible fondling was more common, with 636 instances or 79.5 times per year. Also keep in mind this is data collected from 1. The 25% of sexual assault cases reported, and 2. Of those cases further data collected from sworn officers who actually were arrested for their crimes.[1]

13. In Relevance to Covid 19, The Plaintiff contends the government forced the Plaintiff from continuing to work his newly acquired job in December 2019 due to Covid 19 Pandemic state and workforce shutdowns, and the Plaintiff has been fighting to get unemployment ever since. So imagine being homeless and forced to pay $690 per month in child support for one child (in which the Plaintiff is so ordered), and being forced to not work for almost 2 years, and

---

[1] https://www.cnn.com/2018/10/19/us/police-sexual-assaults-maryland-scope/index.html

being forced to find new work while being constantly exacerbated, and being over $14,000 in medical debt since before the incident in controversy, therefore proves indigence.

14. Justice should not be limited to those who can afford it, nor should it be limited to exclude those who can't afford to buy the paper required to print nor the ink to print on the paper of a complaint.

15. Dismissing this case would be a violation of Plaintiff's 1st, 5th, 6th, 14th Amendment rights. Plaintiff contends he would like to amend his complaint to include counts of such violation of civil rights and right to the damages within those statutes. If ignorance of the law is not an exemption of the law, then lack of citing authority where it exists but is not addressed cannot be considered abandoned, and cannot be gone without being upheld. Otherwise by not allowing the Plaintiff his unalienable rights to petition his government for redress of grievances and equal protection of the law.

16. Note that On May 15, 1854, the federal court heard *Dred Scott v. Sandford* and ruled against Scott, holding him and his family in slavery. In December 1854, Scott appealed his case to the United States Supreme Court. The trial began on February 11, 1856. By this time, the case had gained notoriety and Scott received support from many abolitionists, including powerful politicians and high-profile attorneys. But on March 6, 1857, in the infamous Dred Scott decision, Scott lost his fight for freedom again. Despite Taney's long tenure as a Supreme Court justice, people vilified him for his role in the *Dred Scott v. Sandford* decision. In an ironic historical footnote, Taney would later swear in Abraham Lincoln, the "Great Emancipator," as president of the United States in 1861. By the time the U.S. Supreme Court handed down its Dred Scott decision, Irene had married her second husband, Calvin Chaffee, a U.S. congressman and abolitionist. Upset upon learning his wife still owned the most infamous slave of the time, he

sold Scott and his family to Taylor Blow, the son of Peter Blow, Scott's original owner. Taylor freed Scott and his family on May 26, 1857. Scott found work as a porter in a St. Louis hotel, but didn't live long as a free man. At about 59 years of age, Scott died from tuberculosis on September 17, 1858. The Dred Scott Decision outraged abolitionists, who saw the Supreme Court's ruling as a way to stop debate about slavery in the territories. The divide between North and South over slavery grew and culminated in the secession of southern states from the Union and the creation of the Confederate States of America. The Emancipation Proclamation of September 22, 1862 freed enslaved people living in the Confederacy, but it would be another three years until Congress passed the 13th Amendment abolishing slavery in the United States. The point of the story is this: what was considered law yesterday may or may not be considered law today, but it is never too late to fight for your freedom to exercise your rights, and even if you lose, it is documented and made note of for the movements to come. Today all of those laws and judges are considered wrong, because enough people could see the difference between right and wrong, and how wrongdoings were protected and found unacceptable.

17.     There is no statute of limitation on sexual assault on a child but if its not on a child its worth forgetting and or essentially forgiving? That most certainly is unconstitutional One of the most violent or heinous considered crimes such as sexual assault needs to always be taken seriously and always be heard. Especially considered the Plaintiff's brother Steven Deleon served 3 years of a 30 year sentence for two counts of criminal sexual conduct against a child on false allegation. Later mistrialed on appeal, then dismissed. Steven is released but he will never get those 3 terrible years back, on merely someone's word. Yet when the Plaintiff is sexually assaulted he is pushed back for being a certain age? As if you have to be a certain age to get justice in a court of law involving sexual assault. Now I understand your honor you have much

experience with high felony cases and sexual assault cases so you should know the severity of these circumstances and the level to which these type of Defendants get away with their crimes.

18. By dismissing this case you would be synonymously taking away the death certificates, victories and medals away, a little bit from each of all of the fallen soldiers, from all the wars America has fought in order to ensure freedom of Life, Liberty and Pursuit of Happiness, and Justice for all within its borders. My family has bled for this country time and time again to defend these very freedoms such as the Plaintiffs Grandfather Joseph Sheeran a Vietnam Vet tanker survivor, Grandfather Ysidoro Paiz DeLeon, former Airforce Captain, and my brother Timothy Deleon, Delta Ranger Special Forces, one of the first Paratroopers to drop down in the war in Afghanistan.

19. Other Federal and State Authorities:

*Federal Rule 59. (3) De Novo Review of Recommendations. The district judge must consider de novo any objection to the magistrate judge's recommendation. The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions.*

*"The provision of Rev. St. § 1022. derived from the civil rights act of May 30, 1870, c. 114, § 8, authorizing certain offenses to be prosecuted either by indictment or by information, does not preclude the prosecution by information of other offenses of such a grade as may be so prosecuted consistently with the constitution and laws of the United States."[2]*

*"[D]ecisions by judges are traditionally divided into three categories, denominated questions of law (reviewable de novo), questions of fact (reviewable for clear error), and matters of discretion (reviewable for abuse of discretion)."[3] The selection of the appropriate standard of review is contextual.[4] For example, the de novo standard applies when issues of law predominate in the district court's decision. Id. When a mixed question of law and fact is presented, the standard of review turns on whether factual matters or legal matters predominate.[5]*

---

[2] Ex parte WILSON. 114 U.S. 417 5 S.Ct. 935 29 L.Ed. 89 [1885]
[3] See Harman v. Apfel, 211 F.3d 1172, 1174 (9th Cir. 2000) (quotation marks and citation omitted).
[4] See United States v. Mateo-Mendez, 215 F.3d 1039, 1042 (9th Cir. 2000).
[5] See id.; see also Holly D. v. California Inst. of Tech., 339 F.3d 1158, 1180 n.27 (9th Cir. 2003) (noting court would apply different standards of review depending on the district court's intention); Navellier v. Sletten, 262 F.3d 923, 944 (9th Cir. 2001) (noting the "standard of review on appeal . . . depends on the nature of the claimed error.").

*In some cases, the court has elected not to decide which standard of review is applicable on the ground that the outcome would not be changed by applying different standards of review.[6]*

*De novo review means that this court views the case from the same position as the district court.[7] The appellate court must consider the matter anew, as if no decision previously had been rendered.[8] Review is "independent,"[9] or "plenary,"[10] No deference is given to the district court.[11]*

### 1. Questions of Law Reviewed De Novo

- *Mootness, ripeness, standing.[12]*
- *Statutory interpretation.[13]*
- *Contract interpretation.[14]*
- *Constitutionality of statute.[15]*
- *Interpretation of federal rules.[16]*
- *Judicial estoppel.[17]*

*A mixed question of law and fact arises when the historical facts are established, the rule of law is undisputed, and the issue is whether the facts satisfy the legal rule.[18] Mixed questions of law and fact generally require the consideration of legal concepts and the*

---

[6] See, e.g., E.T. v. Cantil-Sakauye, No. 10-15248, --- F.3d ---, 2012 WL 763541 at *2 n.3 (9th Cir. March 12, 2012) (per curiam); United States v. Laurienti, 611 F.3d 530, 551 (9th Cir. 2010); United States v. Rivera, 527 F.3d 891,908 (9th Cir. 2008); United States v. Pimentel-Flores, 339 F.3d 959, 967 n.10 (9th Cir. 2003).

[7] See Lawrence v. Dep't of Interior, 525 F.3d 916, 920 (9th Cir. 2008); see also Lewis v. United States, 641 F.3d 1174, 1176 (9th Cir. 2011).

[8] See Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006).

[9] see Agyeman v. INS, 296 F.3d 871, 876 (9th Cir. 2002)

[10] see Stilwell v. Smith & Nephew, Inc., 482 F.3d 1187, 1193 (9th Cir. 2007); United States v. Waites, 198 F.3d 1123, 1126 (9th Cir. 2000).

[11] See Barrientos v. Wells Fargo Bank, N.A., 633 F.3d 1186, 1188 (9th Cir. 2011); Ditto v. McCurdy, 510 F.3d 1070, 1075 (9th Cir. 2007); Rabkin v. Oregon Health Sciences Univ., 350 F.3d 967, 971 (9th Cir. 2003) ("When de novo review is compelled, no form of appellate deference is acceptable.").

[12] See Sierra Forest Legacy v. Sherman, 646 F.3d 1161, 1176 (9th Cir. 2011); Wolfson v. Brammer, 616 F.3d 1045, 1053 (9th Cir. 2010); Porter v. Jones, 319 F.3d 483, 489 (9th Cir. 2003).

[13] See Schleining v. Thomas, 642 F.3d 1242, 1246 (9th Cir. 2011); Beeman v. TDI Managed Care Svcs., 449 F.3d 1035, 1038 (9th Cir. 2006); see also Vega v. Holder, 611 F.3d 1168, 1170 (9th Cir. 2010) (reviewing de novo BIA's interpretation of statute, but explaining that "[i]f, however, Congress has not directly addressed the exact issue in question, a reviewing court must defer to the agency's construction of the statute so long as it is reasonable." (quotation marks and citation omitted)).

[14] See Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009); Milenbach v. Commissioner, 318 F.3d 924, 930 (9th Cir. 2003); but see Tyler v. Cuomo, 236 F.3d 1124, 1134 (9th Cir. 2000) (stating that the interpretation of a contract is a mixed question of law and fact reviewed de novo).

[15] See United States v. Perelman, 658 F.3d 1134, 1134-35 (9th Cir. 2011); United States v. Vongxay, 594 F.3d 1111, 1114 (9th Cir. 2010); United States v. Bolanos-Hernandez, 492 F.3d 1140, 1141 (9th Cir. 2007).

[16] See United States v. Urena, 659 F.3d 903, 908 (9th Cir. 2011) (evidence); United States v. Alvarez-Moreno, 657 F.3d 896, 900 n.2 (9th Cir. 2011) (criminal procedure); Riordan v. State Farm Mut. Auto. Ins., 589 F.3d 999, 1004 (9th Cir. 2009) (civil procedure).

[17] See Tritchler v. County of Lake, 358 F.3d 1150, 1154 (9th Cir. 2004).

[18] See Pullman-Standard v. Swint, 456 U.S. 273, 289 n.19 (1982); see also Khan v. Holder, 584 F.3d 773, 780 (9th Cir. 2009); Suzy's Zoo v. Commissioner, 273 F.3d 875, 878 (9th Cir. 2001) (stating that a mixed question "exists when primary facts are undisputed and ultimate inferences and legal consequences are in dispute").

*exercise of judgment about the values that animate legal principles.[19] Mixed questions of law and fact are generally reviewed de novo.[20]*

20. When considering this case, I ask that you also consider the case of an african american woman named Mary Jackson and her case vs all-white Hampton High School an all white school in Virginia. Where her mere petition being filed was considered a violation of procedural law, and "had no claim where a relief could be obtained" due to the color of her skin. She became the first black person, and black woman to attend night classes at the all white Hampton High School. As quoted in the movie "Hidden Figures", where the law stood as a seemingly immovable roadblock, she had "no choice but to become the first". After 34 years at NASA, Jackson had earned the most senior engineering title available. She realized she could not earn further promotions without becoming a supervisor. She accepted a demotion to become a manager of both the Federal Women's Program, in the NASA Office of Equal Opportunity Programs, and of the Affirmative Action Program. In this role, she worked to influence both the hiring and promotion of women in NASA's science, engineering, and mathematics careers. She worked at Langley Research Center in Hampton, Virginia, for most of her career. She started as a computer at the segregated West Area Computing division. She took advanced engineering classes (at the all white Hampton High School night classes) and in 1958 became NASA's first black female engineer.

21. Plaintiff contends he understands Honorable Hala Y. Jarbou is the first Chaldean Federal Judge, therefore she should of all people understand the importance of being the first. The point is no "In Pro Per" or "Per Se" Complainant or Plaintiff has ever succeeded in exercising such extraordinary and indigent circumstances as good cause for by passing statute of limitations on

---

[19] See Smith v. Commissioner, 300 F.3d 1023, 1028 (9th Cir. 2002).
[20] See Mathews v. Chevron Corp., 362 F.3d 1172, 1180 (9th Cir. 2004); but see Haile v. Holder, 658 F.3d 1122, 1125 (9th Cir. 2011) ("We review ... determinations of mixed questions of law and fact for substantial evidence.").

Constitutional Grounds. It's unheard of. Maybe because people are too afraid and indigent to fight back, maybe not. But before Alan Shephard sat on top of a rocket no other American had ever touched space, and now he will forever be remembered as the US Navy Man from New Hampshire, the first to touch the stars. I plan on defending my rights to the fullest and the rights of all other victims who will come after me in similar predicaments of such unprecedented circumstances with this case. I cannot change the Law, Time, or numbers in my bank account presently, so I have no choice but to be the first. Which I cannot do without you. Your honor, of all the cases you're going to hear this day, month or year, which one is going to matter 100 years from now? Which one will make you the first?

**Conclusion:**

It is respectfully and humbly requested that the recommendation provided by the U.S. Magistrate Sally J. Berens be rejected, and or this objection proceeded de novo, and this case proceed to discovery, and or Trial, and that this court exercise supplemental jurisdiction over the state-law claims. If and where possible Oral Argument is Requested as well and Jury Trial Demanded. It is further requested that this objection's request for amendment of complaint be used to supplement the original complaint. If this is not a correct procedure then the Plaintiff would request up to 3 weeks time to amend the complaint. However It seems like a waste of courts time to wait to reformat the complaint when the issues are and have been covered by the original complaint and this objection. It is further requested that service be made pro bono by this court for all service in submissions I file with this court to all parties due to Indigence.

Respectfully Submitted,

DATE: May 25th, 2022

THOMAS J. DE LEON
PLAINTIFF