UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS DE LEON,

    Plaintiff,

v.

    Case No. 1:22-cv-429

    Hon. Hala Y. Jarbou

CITY OF GRANDVILLE, et al.,

    Defendants.
_____/

## ORDER

On May 19, 2022, the magistrate judge issued a Report and Recommendation (R&R), recommending that the Court dismiss Plaintiff Thomas De Leon's complaint. (ECF No. 6.) Before the Court is Plaintiff's objection to the R&R. (ECF No. 7.)

Under Rule 72 of the Federal Rules of Civil Procedure, the Court must review de novo the portions of the R&R to which objections have been properly made:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). After review, the Court overrules De Leon's objection and adopts the R&R.

De Leon filed this action on May 12, 2022, asserting claims under 42 U.S.C. § 1983 and state law. De Leon alleges that Defendant Richard Brown, a police officer assigned to the City of Grandville's police department, sexually assaulted him during a "*Terry*" pat-down. This pat-down occurred on July 18, 2018. De Leon asserts that Brown's conduct violated his Fourteenth Amendment right to be free from sexual harassment, abuse, and assault. De Leon further asserts

that the City is liable for Brown's actions because of its customs, practices, or policies. Finally, De Leon contends that Brown's behavior violated Michigan law under the Elliot-Larsen Civil Rights Act and constitutes battery and intentional infliction of emotional distress.

De Leon is proceeding as a pauper. Accordingly, the magistrate judge conducted an initial review of De Leon's complaint under 28 U.S.C. § 1915(e)(2). After this review, the magistrate judge concluded that the § 1983 claims failed to state a claim upon which relief can be granted. The magistrate judge found that the applicable three-year statute of limitations barred these claims. Consequently, the magistrate judge recommended that the Court dismiss the § 1983 claims and decline to exercise supplemental jurisdiction over the remaining state-law claims.

De Leon objects to the finding that the applicable statute of limitations time-barred his § 1983 claims. De Leon contends that the R&R improperly determined that the applicable statute of limitations period began to run on July 18, 2018, when Brown conducted the "*Terry*" pat-down. (Pl.'s Obj. to R&R, ECF No. 7, PageID.53.) Instead, De Leon argues that this period commenced once he received information from a Freedom of Information Act (FOIA) request that he submitted. (*Id.*) De Leon states, "that is when [he] knew or learned of the true nature of the injuries . . . in question." (*Id.*)

State statute of limitations and tolling principles govern when determining the timeliness of § 1983 claims. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). Section 1983 actions adhere to state personal injury limitations periods. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Michigan, this period is three years. Mich. Comp. Laws § 600.5805(2). But accrual of the claims for relief is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). Under federal law, the statute of limitations begins to run when the aggrieved party "knows or has reason to know that the act providing the basis of his or her injury has occurred." *Id.* (citing *Friedman v. Estate*

*of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)).  And a claim accrues at that point "even though the full extent of the injury is not then known or predictable."  *Wallace*, 549 U.S. 384 at 391.  Finally, in actions involving sexual harassment and assault claims, courts have held that a claim accrues at the time the alleged harassment and assault occurred.  *See, e.g.*, *Forrester v. Clarenceville Sch. Dist.*, 537 F. Supp. 3d 944, 953 (E.D. Mich. 2021).

The R&R correctly concluded that De Leon's § 1983 claims accrued on July 23, 2018, when Brown conducted the "*Terry*" pat-down.  De Leon's claims arise solely out of sexual assault allegations during the pat-down.  (*See* Compl. ECF No. 1.)  During the pat-down, De Leon would have known of Brown's alleged sexual assault.  Indeed, De Leon's allegations necessarily mean he would have experienced it.  (Compl., PageID.3.)  And De Leon was not precluded from filing an action without the FOIA information.  Even if De Leon received documentary support for his claim from his FOIA request—support that is commonly not obtained until federal disclosure and discovery practice—he knew or had reason to know of the fundamental basis for his alleged injury, the pat-down.  Finally, the R&R properly determined that relevant tolling principles did not save De Leon's claims from their untimeliness.  (R&R, PageID.50.)  Thus, because De Leon filed his § 1983 claims on May 12, 2022—after the three-year statute of limitations expired in 2021—these claims are time-barred.[1]

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 6) is **APPROVED** and **ADOPTED** as the decision of the Court.

---

[1] Although De Leon did not object to the dismissal of the remaining state-law claims, the Court agrees with R&R's recommendation that the Court decline to exercise supplemental jurisdiction over those claims under 28 U.S.C. § 1367(c)(3). Further, the Court agrees with the R&R that De Leon's § 1983 claim against the City is subject to dismissal on two grounds: (1) it is time-barred as discussed in this order, and (2) it is predicated on threadbare recitals of the elements of a *Monell* claim.

**IT IS FURTHER ORDERED** that Plaintiff's objection (ECF No. 7) to the disposition in the R&R is **OVERRULED**.

**IT IS FURTHER ORDERED** the Court **CERTIFIES** that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

A judgment will enter in accordance with this order.

Dated: October 14, 2022                         /s/ Hala Y. Jarbou
                                                HALA Y. JARBOU
                                                CHIEF UNITED STATES DISTRICT JUDGE